**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

TRAVIS WADE PAGAN,                    )
                                      )
                    Petitioner,       )
                                      )
          v.                          )          1:13CV9
                                      )
REUBEN YOUNG,                         )
                                      )
                    Respondent.       )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Petitioner pled guilty in the Superior Court of Cabarrus County to conspiracy to commit first-degree rape, two counts of conspiracy to commit first-degree sex offense, and attempted first-degree sex offense in cases 09 CRS 51630 through 51632. (Docket Entry 7, Ex. 1; see also Docket Entry 1, ¶¶ 1, 2, 4-6.) On March 25, 2011, the trial court consolidated the four convictions into two and sentenced Petitioner to consecutive terms of 150 to 189 months of imprisonment. (Docket Entry 7, Ex. 2; see also Docket Entry 1, ¶ 3.) Petitioner did not file a direct appeal. (See Docket Entry 1, ¶ 9.)[1]

Petitioner did file a pro se motion for appropriate relief ("MAR") and request for an evidentiary hearing with the state trial court, which he dated as signed on January 16, 2012 (Docket Entry

---

[1] Although Petitioner did not check the box for "No" as to whether he appealed his convictions (see Docket Entry 1, ¶ 8), his ensuing responses make clear that he did not file a direct appeal, but instead pursued collateral relief (see id., ¶¶ 9-11).

7, Ex. 3 at 10; <u>see also</u> Docket Entry 1, ¶ 11(a)),[2] and which the trial court accepted as filed on January 24, 2012 (Docket Entry 7, Ex. 4 at 1 (indicating date filed)).  The trial court denied the MAR by order dated and filed April 18, 2012.  (Docket Entry 7, Ex. 4; <u>see also</u> Docket Entry 1, ¶ 11(a)(7), (8).)  Petitioner then filed a pro se certiorari petition with the North Carolina Court of Appeals, which he dated as submitted on July 30, 2012 (Docket Entry 7, Ex. 5 at 4), and which that court stamped as filed on August 2, 2012 (<u>id.</u> at 2).  The Court of Appeals denied that petition on August 7, 2012.  (Docket Entry 7, Ex. 7.)

Subsequently, Petitioner filed a pro se motion for rehearing with the state trial court which he dated as signed on November 7, 2012 (Docket Entry 7, Ex. 8 at 9; <u>see also</u> Docket Entry 1, ¶ 11(b)), and which the trial court accepted as filed on November 13, 2012 (Docket Entry 7, Ex. 8 at 2).  The trial court summarily denied that motion by order dated and filed November 19, 2012. (Docket Entry 7, Ex. 9; <u>see also</u> Docket Entry 1, ¶ 11(b)(7), (8).) Thereafter, Petitioner filed a pro se petition for certiorari with the North Carolina Court of Appeals (Docket Entry 7, Ex. 10), which he dated as submitted on December 6, 2012 (<u>id.</u> at 11), and which that court accepted as filed on December 10, 2012 (<u>id.</u> at 2).  On December 20, 2012, the Court of Appeals denied that petition. (Docket Entry 7, Ex. 11.)

---

[2] For attachments to Respondent's memorandum in support of his Motion for Summary Judgment, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

Petitioner thereafter submitted his instant Petition and a "Brief/Memorandum of Law in Support" to this Court (Docket Entries 1, 2), which he dated as mailed on January 1, 2013 (Docket Entry 1 at 14; Docket Entry 2 at 8),[3] and which the Court stamped as filed on January 4, 2013 (Docket Entry 1 at 1; Docket Entry 2 at 1).[4] Respondent then moved for summary judgment on both the merits and statute of limitation grounds. (Docket Entry 6.) Petitioner responded in opposition. (Docket Entries 9, 10.)

## Petitioner's Claims

Petitioner purports to raise two claims for relief in his Petition. First, he alleges he received ineffective assistance of counsel in that his trial counsel failed to file a motion to suppress Petitioner's "voluntary statement, which was inculpatory in nature, [and] which was obtained via coersion [sic] and that was probably false or at least unreliable." (Docket Entry 1 at 5; see also Docket Entry 2 at 2-6.) In his second claim for relief, Petitioner asserts that, under Martinez v. Ryan, 566 U.S. 1 (2012), no procedural bar should prevent him from pursuing that ineffective assistance claim because he alleged the same claim in his MARs while proceeding pro se. (See Docket Entry 1 at 6; see also Docket Entry 2 at 6-8.) Thus, properly construed, Petitioner's second

---

[3] For attachments to the Petition, as well as portions of the Petition lacking paragraph numbers, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

[4] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on January 1, 2013, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities. (See Docket Entry 1 at 14.)

claim constitutes an argument in support of his first claim rather than an independent claim for relief.

## Discussion

Respondent moves for summary judgment both on the merits of Petitioner's claims and on the grounds that Petitioner filed the Petition outside of the one-year limitation period, 28 U.S.C. § 2244(d)(1). The undersigned's recommendation regarding Defendant's statute of limitation arguments, discussed in more detail below, renders unnecessary a discussion of the underlying merits of Petitioner's claims.

In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

Here, the state trial court entered judgment against Petitioner on March 25, 2011 (see Docket Entry 7, Ex. 1), and Petitioner did not appeal. As Respondent has asserted (Docket Entry 7 at 3), and Petitioner has not disputed (see Docket Entries 9, 10), Petitioner's convictions became final on March 25, 2011, because he pled guilty and received a sentence in the presumptive range for his offenses and prior record level, see N.C. Gen. Stat. § 15A-1340.17(c) & (e) (2011). In North Carolina, defendants who plead guilty have very limited grounds on which they can appeal. See State v. Smith, 193 N.C. App. 739, 741-42, 668 S.E.2d 612, 613-14 (2008) (enumerating limited grounds for appeal for defendants who plead guilty); see also N.C. Gen. Stat. §§ 15A-979(b) & 15A-1444. Petitioner has not alleged or otherwise shown that any of those grounds existed and thus Petitioner had no right to appeal.

Under these circumstances, Petitioner's time to file a habeas petition in this Court began to run on March 25, 2011. Hairston v. Beck, 345 F. Supp. 2d 535, 537 (M.D.N.C. 2004); accord Redfear v. Smith, No. 5:07CV73-03-MU, 2007 WL 3046345, at *2 (W.D.N.C. Oct. 17, 2007) (unpublished); Marsh v. Beck, No. 1:06CV1108, 2007 WL 2793444, at *2 (M.D.N.C. Sept. 26, 2007) (unpublished).[5]

The statute of limitations then ran for 305 days until Petitioner filed his first MAR with the state trial court on January 24, 2012 (Docket Entry 7, Ex. 3)[6] and remained tolled until

_____

[5] Even if Petitioner had possessed a right to appeal, any such right would have expired 14 days after the trial court entered judgment against him. See N.C. R. App. P., Rule 4(a)(2). Given that Petitioner filed the instant Petition approximately 87 days out of time, Petitioner's entitlement to the benefit of those additional 14 days would not impact the Court's timeliness analysis.

[6] Only "properly filed" documents can trigger tolling. Artuz v. Bennett, 531 U.S. 4, 8 (2000) (describing "properly filed" document as one submitted in accordance with state rules concerning form of document, time limits, and proper court and office for filing). Here, Petitioner's first MAR was not "properly filed" on January 20, 2012, the date on which he signed it as submitted. North Carolina law requires that MARs "be filed in the manner provided in G.S. § 15A-951(c)." N.C. Gen. Stat. § 15A-1420(a)(3). Under that subsection, "[a]ll written motions must be filed with the court" accompanied by an appropriate certificate of service. N.C. Gen. Stat. § 15A-951(c). The subsection does not purport to deem MARs as filed at the time of mailing. Id. Further, the order denying Petitioner's MAR specifically stated that the motion was "filed" on January 24, 2012. (Docket Entry 7, Ex. 4.) That declaration is consistent with case law indicating that North Carolina does not apply a mailbox rule for prisoner filings. See Bryson v. Harkleroad, No. 1:10CV36-3-MU, 2010 WL 1328313, at *3-4 (W.D.N.C. April 1, 2010) (unpublished) (citing North Carolina v. Kittrell, No. COA08-988, 197 N.C. App. 403, 677 S.E.2d 14, 2009 WL 1522698, at *3-4 (June 9, 2009) (unpublished)), appeal dismissed, 405 F. App'x 773 (4th Cir. 2010)). Where states do not apply a mailbox rule to filings in their courts, at least three federal circuits have held that federal courts should not apply a mailbox rule to state court filings in making calculations under § 2244(d). See Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007); Garcia v. Shanks, 351 F.3d 468, 471-72 (10th Cir. 2003); Vroman v. Brigano, 346 F.3d 598, 603-04 (6th Cir. 2003); but see Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005). Like other courts, see, e.g., Bryson, 2010 WL 1328313, at *3-4; Vasquez v. Kingston, 422 F. Supp. 2d 1006, 1008-10 (E.D. Wis. 2006), the undersigned finds the majority approach more persuasive. In particular, the view that state rules control in this context has "heightened cogency in light of the United States Supreme Court's statement that when applying § 2244(d)(2), 'an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.'" Vasquez, 422 F. Supp. 2d at 1009
(continued...)

August 7, 2012, when the North Carolina Court of Appeals dismissed his certiorari petition seeking review of his first MAR's denial (Id., Ex. 7).  The limitations period subsequently ran for 60 more days until it expired on October 6, 2012,[7] without Petitioner having filed any further state or federal habeas petitions.

Petitioner argues that he filed his Petition in a timely manner, because statutory tolling applies for the entire time between the date he filed his first MAR, January 24, 2012, and the date on which the North Carolina Court of Appeals denied his second certiorari petition, December 20, 2012.  (Docket Entry 1, ¶ 18.) Defendant, in turn, urges the Court to construe Petitioner's November 13, 2012 motion for rehearing with the state trial court as a second MAR which would not entitle Petitioner to statutory tolling between the date on which the North Carolina Court of Appeals denied his first certiorari petition, August 7, 2012, and the filing of that second MAR, November 13, 2012.  (Docket Entry 7 at 14.)  Defendant asserts that interpreting the filing as a true motion for reconsideration would permit "[P]etitioner [to] indefinitely toll the one-year period of limitation by the simple expedient of filing repetitive motions for rehearing after the denial of an MAR" and would sanction an "obvious end run around the

---

[6](...continued)
(quoting Artuz, 531 U.S. at 8).  For this reason, Petitioner's first MAR was not "properly filed" until January 24, 2012.  In any event, the four-day difference would not affect the outcome in this case.

[7] In Defendant's brief in support of his instant motion, Defendant mistakenly identifies the filing deadline as "October 8, 2012." (Docket Entry 7 at 13.)

one-year period of limitation . . . so as to defeat the intent of Congress to provide greater finality for state court convictions." (Id.)  Defendant's argument has merit, regardless of whether the Court construes Petitioner's filing as a motion for rehearing or as a second MAR.

By statute, the limitations period remains tolled for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2) (emphasis added).  In Carey v. Saffold, 536 U.S. 214, 220 (2002), the Supreme Court concluded that an application for state post-conviction relief remained pending "until the application has achieved final resolution through the State's post-conviction procedures."  Here, North Carolina's statutory procedures for the pursuit of MARs do not expressly allow for a state court motion for rehearing or any further review following denial of a certiorari petition seeking review of the MAR's denial.  See N.C. Gen. Stat. § 15A-1422 (providing that "[t]he [state trial] court's ruling on a [MAR] is subject to review . . . [i]f the time for [direct] appeal has expired and no appeal is pending, by writ of certiorari" and that "[d]ecisions of the Court of Appeals on [MARs] . . . are final and not subject to further review by appeal, certification, writ, motion, or otherwise") (emphasis added).  Thus, Petitioner's first MAR ceased "pending" when the North Carolina Court of Appeals denied his first certiorari petition on August 7, 2012. Petitioner's belated (and arguably impermissible) motion for

rehearing certainly does not require the Court to statutorily toll under 28 U.S.C. § 2244(d)(2) the period between the denial of Petitioner's first certiorari petition and his motion for rehearing.[8]

The same result follows if the Court construes the filing as a second MAR. Again, the limitations period remains tolled while an application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). Thus, statutory tolling ended on the date the Court of Appeals denied Petitioner's first certiorari petition, August 7, 2012, and the limitations period ran from that date until it expired on October 6, 2012. Petitioner's November 13, 2012 filing, even construed as a second MAR, would not restart the already-expired limitations period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Finally, the Supreme Court has determined that § 2254 petitioners may avail themselves of equitable tolling of the one-year limitation period if they meet two conditions. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner has not argued that his diligence and circumstances warrant equitable tolling (see

---

[8] Arguably, Petitioner's motion for rehearing also should be deemed not "properly filed" under 28 U.S.C. § 2244(d)(2), as Petitioner did not submit it "in accordance with state rules concerning form of document, time limits, and proper court and office for filing." Artuz, 531 U.S. at 8.

Docket Entry 1, ¶ 18), nor does the record independently establish satisfaction of these requirements.

   **IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 6) be granted, that the Petition (Docket Entry 1) be denied, and this action be dismissed.


                              /s/ L. Patrick Auld
                            **L. Patrick Auld**
                    **United States Magistrate Judge**


March 11, 2014